# ORIGINAL

FILED
COURT OF APPEALS

**IN THE SIXTH DISTRICT
COURT OF APPEALS,
OF LUCAS COUNTY, OHIO**

PLEAS COURT
QUILTER
CLERK OF COURTS

**STATE OF OHIO**

    Plaintiff-Appellee

-vs-

**LEANDER JONES**

    Defendant-Appellant.

Case No. CL-02-1047
CR-01-2405

---

**BRIEF OF LEANDER JONES
Defendant-Appellant**

---

**CAROL L. DAMRAUER**
Attorney at Law
1018 Adams Street
Toledo, Ohio 43613
Phone: 419-407-4355
S.Ct. No. 0018552

Attorney for Defendant-Appellant

                               Andrew J. Lastra
                               Assistant Lucas County Prosecutor
                               Lucas County Courthouse
                               Toledo, Ohio 43624
                               Phone: 419-213-4700
                               Attorney for Defendant-Appellee

STATE'S EXHIBIT 10

# TABLE OF CONTENTS

Table of Authorities .............................................. ii

Statement of the Case ............................................ 1

Statement of Facts ............................................... 3

Sole Assignment of Error ......................................... 4

    The Trial Court Erred When it Ordered the Defendant-Appellant to
    Pay an Unspecified, Unsubstantiated Sum of Restitution, Court Costs,
    and Other Unspecified Costs.

Conclusion ....................................................... 8

Certification ..................................................... 9

Appendix A ....................................................... I

    Judgment Entry

# TABLE OF AUTHORITIES

## *CASES*

*State v. King* (6th Dist. decided February 27, 1998), Wood County WD-97-015
.................................................... 4, 5, 7

## *MISCELLANEOUS*

R.C. § 2929.18(A)(1) ........................................ 4

R.C. § 2929.28 ............................................ 5-7

## STATEMENT OF THE CASE

On or about August 20, 2001, the Lucas County Grand Jury indicted Leander Jones, the Defendant-Appellant herein, in CR-01-2405, charging the Defendant-Appellant with two first degree felonies, that is, two counts of Rape, each in violation of R.C. § 2907.02(A)(2), one count of Aggravated Robbery in violation of R.C. § 29 inster, one count of Felonious Assault in violation or R.C. § 29insert, and one count of Aggravated Burglary, in violation of R.C. § 29insert.

Defendant-Appellant appeared before Lucas County Common Pleas Court Judge J. Ronald Bowman August 22, 2001. At that time, Jones was found to be indigent, and counsel was immediately appointed. Subsequently, Defendant was arraigned, and pleas of not guilty were entered to all counts.

A Motion to Suppress was filed by Defendant-Appellant on or about January 25, 2002. Hearing thereon was held on January 31, 2002. At the conclusion of the hearing the judge took the matter under advisement. On February 1, 2002, the court found the Motion to be not well-taken and denied same. Docket Sheets.

After numerous pre-trials, trial by jury commenced on the 4th of February 2002. The trial concluded the following day, with the jury returning verdicts of guilty to all counts.

On February 8, 2002, the Defendant-Appellant was found to be a sexually oriented offender. He was also sentenced to the Ohio Department of Rehabilitation and Corrections for a period of ten years as to Counts One and Two, i.e., Rape; ten years as to Count Three, Aggravated Robbery; seven years on Count Four,

-1-

Felonious Assault; .and eight years as to Count Five, Aggravated Burglary, for a total sentence of forty-three years. The sentences were further ordered to be served consecutively to each other. Exhibit A, Judgment Entry, attached hereto. See also Docket Sheets, and Sentencing Hearing, pgs. 17-18.

Additionally, at the time of sentencing Jones was also ordered to pay "the costs of prosecution and any fees pursuant to 2929.18(A)(4)." Sentencing Transcript, pg. 19. Although there was no mention of it during any of the hearings held in the instant matter, both the Sentencing Judgment Entry and the Docket Sheets contain the following additional language: "Defendant is ordered to pay any restitution, all prosecution costs and any fees permitted pursuant to R.C. 2929.18(A)(4)." See Exhibit A and Docket Sheets.

This appeal follows as of right.

## STATEMENT OF FACTS

It is undisputed that on August 9, 2001, at approximately three o'clock in the morning a thin, black man, wearing dark clothes, broke into a home located 723 Euclid, in Toledo, Lucas County, Ohio. Trial II, pgs. 304-306, 309. The individual found seventy-two year old Patricia Susdorf in her bedroom. He then raped and beat Susdorf. Trial II, pgs. 304, 306. At one point her assailant "pulled out a . . . big, long knife,. . ." which he used to strike the top of her head. Trial II, pg. 306. He then dragged her into the living room where he sodomized her twice. Trial II, pg. 306. Her assailant left taking with him approximately forty dollars of her money, and her keys, with "a little flashlight, like a little purple flashlight." Trial, pgs. 306, 311, 313-314, 321. Immediately after he left she called 9-1-1. Trial II, pg. 314. Susdorf identified State's Exhibit 26 as her flashlight/keychain. Trial II, pgs. 314-315.

Toledo Police Officers arrived at Susdorf's home within five minutes of the 9-1-1-call. After speaking with Ms. Susdorf a radio broadcast was issued describing the assailant as a thin black male Trial I, pgs. 120, 123, 140, 165, 192.

Approximately fifteen minutes later, the Defendant-Appellant was riding his bicycle when the police stopped and questioned, and eventually arrested. Trial I, pgs. 147, 197-200

## SOLE ASSIGNMENT OF ERROR

**THE TRIAL COURT ERRED WHEN IT ORDERED THE DEFENDANT-APPELLANT TO PAY COURT-APPOINTED COURT COSTS AND TO MAKE AN UNSPECIFIED, UNSUBSTANTIATED SUM OF RESTITUTION.**

The Sentencing Judgment Entry, attached hereto as Exhibit A, orders "the Defendant is ordered to pay any restitution, all prosecution costs and any fees permitted pursuant to R.C. 2929.18(A)(4)." This order is ambiguous at best.

The Ohio Revised code mandates that

> At sentencing, the court shall determine the amount of restitution to be made by the offender. All restitution payments shall be credited against any recovery of economic loss in a civil action brought by the victim or any survivor of the victim against the offender.

R.C. § 2919.18(A)(1).

In the instant matter, no such determination was made. No hearing was held to establish the sum of the restitution the Defendant-Appellant might owe, nor was there even the merest whisper of the issue of restitution made at the sentencing hearing. See Sentencing Hearing. The evidence before the court demonstrated that the Defendant-Appellant was indigent. Specifically, the trial court found the Defendant-Appellant to be indigent at his initial appearance, and appointed counsel to represent him. See Arraignment, pgs. 2-3. Docket Sheets. Mr. Jones has been incarcerated since his arrest on August 9, 2001. Yet the court, in spite of any information to the contrary, and with this lack of due process, the trial court ordered

-4-

the Defendant-Appellant pay an unspecified amount of restitution. See Judgment Entry and Docket Sheets.

Additionally, as Court noted in *State v. King* (6th Dist. decided February 27, 1998), Wood County WD-97-015,

> In an order of restitution, the amount of restitution must bear a reasonable relationship to the loss suffered. *State v. Marbury* (1995), 104 Ohio App.3d 179, 181; see, also, R.C. 2929.18(A)(1). Thus, it is held that restitution is limited to the actual loss caused by the defendant's criminal conduct for which he was convicted. *State v. Brumback* (1996), 109 Ohio App.3d 65, 82. There must be competent and credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty. Id. at 83; *State v. Warner* (1990), 55 Ohio St.3d 31, 69.

This same standard applies to the order for an unspecified amount of costs. Specifically R.C. § 2929.18(A)(4), (the code section referenced to in the Order), also refers to §2929.28 which mandates that as follows.

> (5) "Costs" means the reasonable value of the time spent by an officer or employee of an agency on the aggravated arson, arson, or criminal damaging or endangering case, any moneys spent by the agency on that case, and the reasonable fair market value of resources used or expended by the agency on that case.
> (B) Prior to the sentencing of an offender, the court shall enter an order that directs agencies that wish to be reimbursed by the offender for the costs they incurred in the investigation or prosecution of the

-5-

offender or in the investigation of the fire or explosion involved in the case, to file with the court within a specified time an itemized statement of those costs. The order also shall require that a copy of the itemized statement be given to the offender or his attorney within the specified time. Only itemized statements so filed and given shall be considered at the hearing described in division (C) of this section.

(C) The court shall set a date for a hearing on all the itemized statements filed with it and given to the offender or his attorney in accordance with division (B) of this section. The hearing shall be held prior to the sentencing of the offender, but may be held on the same day as his sentencing. Notice of the hearing date shall be given to the offender or his attorney and to the agencies whose itemized statements are involved. At the hearing, each agency has the burden of establishing by a preponderance of the evidence that the costs set forth in its itemized statement were incurred in the investigation or prosecution of the offender or in the investigation of the fire or explosion involved in the case, and of establishing by a preponderance of the evidence that the offender has assets available for the reimbursement of all or a portion of the costs. The offender may cross-examine all witnesses and examine all documentation presented by the agencies at the hearing, and he may present at the hearing witnesses and documentation he has obtained without a subpoena or a subpoena duces tecum or, in the case of documentation, that belongs to him. He also may issue subpoenas and subpoenas duces tecum for, and present and examine at the hearing, witnesses

-6-

>and documentation, subject to the following applying to the witnesses or documentation subpoenaed: . . . .

R.C. § 2929.28(A)(5). Without a hearing, and without the presentation of even a scintilla of evidence, the trial court ordered Mr. Jones to pay an undetermined sum of money. Additionally, the written order contains an order for restitution. These written orders fail to contain a sum certain, fail to be based on evidence, and fail to afford the Defendant-Appellant with any form of due process. The order therefore, violates both Ohio statutory law, and denies him the right to Due Process as established under Ohio and United States constitutions.

Wherefore, the Defendant respectfully requests that this Honorable Court to reverse the lower court's order.

## CONCLUSION

For the reasons set forth above, the sentence appealed from should be reversed.

**WHEREFORE**, the Defendant-Appellant's sentence should be modified in accordance with the evidence, or in the alternative, the matter should be remanded for a new trial.

Respectfully submitted,

*CAROL L. DAMRAUER*
Attorney for Defendant-Appellant

## CERTIFICATION

This is to certify that a copy of the foregoing was delivered this 4th day of October 2002 to Lori Olender, Assistant Lucas County Prosecuting Attorney, Lucas County Courthouse, Toledo, Ohio 43624, and sent via regular U.S. Mail to Leander Jones, #419-525, 1851 State Route 56, P.O. Box 740, London, Ohio 43140-0740.

**CAROL L. DAMRAUER**
Attorney at Law

FILED
LUCAS COU...

2002 FEB 12 P 2: 59

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

IN THE COMMON PLEAS COURT, LUCAS COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | * | CASE NO: |
| Plaintiff. | * | G-4801-CR-0200102405 |
| | * | |
| v. | * | JUDGMENT ENTRY |
| | * | |
| LEANDER JONES | * | |
| Defendant. | * | JUDGE J. RONALD BOWMAN |

* * * * * * *

On February 08, 2002 defendant's sentencing hearing was held pursuant to R.C. 2929.19. Court reporter LYNETTE SHINDORF, defense attorney PAUL L. GELLER and the State's attorney ANDREW LASTRA were present as was the defendant who was afforded all rights pursuant to Crim.R. 32. The Court has considered the record, oral statements, all victim impact statements as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12.

The Court finds that defendant has been convicted by a Jury of CTS. 1 & 2, RAPE, each a violation of R.C. 2907.02(A)(2), each a felony of the 1ST degree, CT. 3, AGGRAVATED ROBBERY, a violation of R.C. 2911.01(A)(3), a felony of the 1ST degree, CT. 4, FELONIOUS ASSAULT, a violation of R.C. 2903.11(A)(1), a felony of the 2ND degree, and CT. 5, AGGRAVATED BURGLARY, a violation of R.C. 2911.11(A)(1), a felony of the 1ST degree.

The Court finds that defendant has committed the worst form of the offense AND poses the greatest likelihood of recidivism and THEREFORE imposes the maximum sentence for this offense.

It is ORDERED that defendant, as to CT. 1 & CT. 2, serve a term of 10 years as to each count in prison of which each 10 year term is a mandatory term pursuant to R.C. 2929.13(F). As to CT. 3, it is ORDERED that defendant serve a term of 10 years in prison. As to CT. 4, it is ORDERED that defendant serve a term of 7 years in prison. As to CT. 5, it is ORDERED

JOURNALIZED

FEB 13 2002
Cassette 209
P.G.

defendant serve a term of 8 years in prison.

The sentences are ordered to be served consecutively to one another. Being necessary to fulfill the purposes of R.C. 2929.11, and not disproportionate to the seriousness of the offender's conduct or the danger the offender poses and the Court FURTHER FINDS: that the harm caused was great or unusual; and that the defendant's criminal history requires consecutive sentences.

Defendant, having been convicted of a sexually oriented offense, hearing was held pursuant to R.C. 2950.09.

Defendant is NOT a SEXUAL PREDATOR as defined by R.C. 2950.01(E) and NOT a HABITUAL SEX OFFENDER as defined by R.C. 2950.01(B). The Court further finds by clear and convincing evidence that Defendant IS a SEXUALLY ORIENTED OFFENDER and the victim was an adult. Annual address notification and verification is ORDERED for 10 years.

Defendant was notified at sentencing of classification duties and the Court ORDERS the Sheriff of Lucas County, Ohio to perform all duties contained in Chapter 2950 of the Revised Code.

Defendant has been given notice under R.C. 2929.19(B)(3) and of appellate rights under R.C. 2953.08.

Defendant is therefore ORDERED conveyed to the custody of the Ohio Department of Rehabilitation and Corrections forthwith. Credit for 183 days is granted as of this date along with future custody days while defendant awaits transportation to the appropriate state institution. Defendant is ordered to pay any restitution, all prosecution costs and any fees permitted pursuant to R.C. 2929.18(A)(4).

The Court further finds pursuant to RC 2929.14(K), the defendant is NOT a proper candidate for placement in a program of shock incarceration or the intensive program prison.

Defendant is remanded into the custody of the Lucas County Sheriff's Department.

_____
JUDGE J. RONALD BOWMAN

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS
2002 FEB 12 P 2:59
FILED
LUCAS COUNTY

**JOURNALIZED**

FEB 13 2002

Cassette 207
P.G. 321