**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LEANDER JONES,** ) | Case No.  3:04CV7584 |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Judge John M. Manos |
| ) | |
| **ERNIE MOORE, WARDEN,** ) | |
| ) | |
| Respondent. ) | **MEMORANDUM OF OPINION** |

On September 27, 2004, Leander Jones, Petitioner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1).  On December 23, 2005, a United States Magistrate Judge recommended that the petition be denied (hereinafter the Report and Recommendation is referred to as the "R&R").  (Docket No. 18).  On February 2, 2006, Petitioner filed objections to the R&R.  (Docket No. 20).

The parties have fully briefed all issues and the Court finds that an evidentiary hearing is unnecessary.  See Rule 8(a) of Rules Governing 2254 Proceedings; 28 U.S.C. § 2254(e).  For the following reasons, the Court adopts the R&R and the petition is hereby denied.

### I. Procedural History.

#### A. State Trial Court

On August 20, 2001, the Lucas County Grand Jury indicted Petitioner on two counts of rape in violation of Ohio Rev. Code §2907.02(A)(2), one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(3), one count of felonious assault in violation of Ohio Rev. Code §2903.01(A)(3), and one count of aggravated burglary in violation of Ohio Rev. Code § 2911.11(A)(1). A jury found him guilty on all counts.

On February 12, 2002, he was sentenced to mandatory terms of ten years each on both of the rape counts, ten years on the aggravated robbery count, seven years on the felonious assault count, and eight years on the aggravated burglary charge. ECF Dkt.#9, Attachment #6. In its entry, the trial court ordered that the sentences on all counts run consecutively pursuant to Ohio Rev. Code § 2929.11; it was not disproportionate to the seriousness of Petitioner's conduct or the danger that he posed, and the court found that his criminal history and the harm caused by him was great or unusual in order to justify the imposition of consecutive sentences. Id. The court also found by clear and convincing evidence that Petitioner was a sexually oriented offender. Id. The court further ordered that Petitioner pay any restitution, prosecution costs and any fees permitted pursuant to Ohio Rev. Code §2929.18(A)(4). Id.

#### B. Direct Appeal

On direct appeal, Petitioner, through his counsel, raised one assignment of error as follows:

> The trial court erred when it ordered the defendant-appellant to pay court-appointed court costs and to make an unspecified, unsubstantiated amount of restitution.

ECF Dkt. #9, Attachment #10.

On November 8, 2002, the State filed a response agreeing that the restitution order should be remanded to the trial court for a determination as to the exact amount that Petitioner owes the victim. ECF Dkt. #9, Attachment #11.

On November 27, 2002, Petitioner's appellate counsel filed a motion to withdraw from the case based on the fact that Petitioner had filed a grievance against her with the Ohio Disciplinary Committee. Even though the committee had dismissed the grievance, she believed that the attorney-client relationship had deteriorated and she could no longer represent Petitioner. ECF Dkt. #9, Attachment #12. The appellate court denied the motion to withdraw, finding that the briefs had already been filed and appellant had no constitutional right to represent himself on appeal. ECF Dkt. #9, Attachment #13.

Subsequently, Petitioner filed a motion with the appellate court requesting transcripts of his trial because his appellate counsel was ineffective, which was denied. ECF Dkt. #9, Attachment #14. The appellate court found that Petitioner was requesting hybrid representation in that he wanted to request transcripts in order to represent himself when the docket showed that he had appointed appellate counsel who had filed a brief on his behalf. Id. The court held that hybrid representation was not permitted. Id.

As to the issue of restitution and costs, the appellate court found that the trial court erred in not designating a specific amount of restitution as required by Ohio Rev. Code § 2929.18(A)(1). ECF Dkt. #9, Attachment #15. The court further found that the trial court did not err in ordering Petitioner to pay the costs of prosecution. Id. at 4. The appellate court affirmed the trial court's judgment of the costs of prosecution and reversed the trial court

-3-

judgment relating to restitution, remanding the case to the trial court in order to determine a specific and appropriate amount of restitution. Id. at 5.

Petitioner then filed an Application for Reconsideration pursuant to Rule 26(A) of the Ohio Rules of Appellate Procedure requesting to have his appellate counsel removed, requesting transcripts of the trial, and requesting to file a pro se appellate brief with the assistance of co-counsel. ECF. Dkt. #9, Attachment #16. The appellate court denied these requests finding that Petitioner's application for reconsideration was untimely, as it was filed beyond ten days after the judgments were journalized. Id.

On April 29, 2003, the trial court vacated the portion of its original judgment ordering Petitioner to pay restitution and entered a finding that he was indigent and unable to pay restitution. ECF Dkt. #9, Attachment #17.

On May 30, 2003, Petitioner, through the Ohio Public Defender's Office, filed a notice of appeal to the Ohio Supreme Court. ECF Dkt. #9, Attachment #19. He raised three issues:

> **Proposition of Law No. 1:**
> The State cannot recover costs from indigent criminal defendants.
>
> **Proposition of Law No. 2:**
> When counsel fails to challenge an appellant's conviction, and when both counsel and the appellant request new counsel, the court of appeals should appoint new counsel or follow the procedure set forth in Anders v. California (1967), 386 U.S. 738, 743, 87 S.Ct. 1396, 18 L.Ed.2d 493.
>
> **Proposition of Law No. 3**:
> Appellate counsel is ineffective when she fails to raise arguable or meritorious challenges to a conviction and sentence.

ECF. Dkt. #9, Attachment #20. Petitioner submitted the following assignments of error that appellate counsel could have raised as to his third proposition of law:

> 1) The trial court erred by imposing consecutive sentences without finding, either

> at the sentencing hearing or in the sentencing entry that consecutive sentences were "necessary to protect the public from future harm or to punish the offender[;]"[footnote omitted]; and
>
> 2) the recovery of costs from indigent defendants creates an unconstitutional burden on a defendant's right to a jury trial and to be convicted only upon a finding of beyond a reasonable doubt.

Id. at 20. On September 24, 2003, the Supreme Court of Ohio denied his leave to appeal and declined jurisdiction, finding that the appeal did not involve any substantial constitutional question. ECF Dkt. #9, Exhibit #23.

### C. Rule 26(B) Application for Reopening

On July 10, 2003, Petitioner, through the Ohio Public Defender's Office, filed an application pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure in the Sixth District Court of Appeals. ECF Dkt.#9, Attachment #24. He asserted that his appellate counsel was ineffective because she did not raise the following assignment of error in a direct appeal to the Sixth District Court of Appeals:

> **Assignment of Error Number One**:
> The trial court erred by imposing consecutive sentences without finding, either at the sentencing hearing or in the sentencing entry that consecutive sentences "were necessary to protect the public from future crime or to [punish the offender][;sic]"[footnote omitted]
>
> **Assignment of Error Number Two:**
> The trial court erred by imposing court costs.
>
> **Assignment of Error Number Three:**
> Pursuant to Anders v. California, (1967), Anders v. California (1967), 386 U.S. 738, 743, 87 S.Ct. 1396, 18 L.Ed.2d 493, this Court should conduct an independent review of the issues presented by Mr. Jones to determine if they are frivolous.

(See R&R at page 6.) (ECF Dkt. #9, Attachment #24.)

On September 19, 2003, the Sixth District Court of Appeals denied Petitioner's application to reopen his appeal because none of the proposed assignments of error that appellate counsel allegedly could have raised would have resulted in a reversal of Petitioner's convictions. Id. at 7 (ECF. Dkt. #9, Attachment #29).  The appellate court addressed each of the proposed assignments of error and found each to be without merit.  Id.

Petitioner did not appeal this decision to the Supreme Court of Ohio.

### D.  Federal Habeas Corpus Petition

On September 27, 2004, Petitioner filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He raised the following grounds for relief:

> Ground one: Appellant had been given an inadequate Appellant[sic] review concerning the unconstitutionality of his conviction and 45 ½ years[sic] prison sentence.  whereas appellate counsel shift the burden to the Appellant to present his legal merits in a judicial notice to withdraw appointed ineffective counsel.
>
> Supporting FACTS: The State failed this appellant within providing effective counsel on his direct appeal to raise the obvious significant unconstitutional issues concerning his conviction and 45 ½ years prison sentence.  For Appellant counsel was so incompetent in failure to present this Appellant herein issues that it essentially waived his opportunity to make a case on the merits fairly in the context of the States[sic] Appellate process.  Whereas the Appellant filed a judicial notice in accord with the equal protection clause to adjudicate this case before the States[sic] Appellant process with a new effective Appellant counsel concerning his unlawful conviction and sentence before the appeal court.
>
> Ground two: On October 21st, 2002 the State appointed Appellant counsel filed a brief in this case to the Ohio Sixth District Court of Appeals and only citing one assignment of error that did not have anything to do with this Appellant's conviction or sentence.
>
> Supporting FACTS: After the Appelant[sic]-Petitioner reviewed the appointed ineffective Appellate counsel's filed Brief this petitioner was compelled to file with the Ohio disciplinary committee informing that he had been denied a due process and equal protection clause of the United States Constitution to effective assistance of counsel to appeal his conviction and sentence in the Appellate stage legal proceeding.  Then the ineffective Appellate counsel answered by filing on

> November 27, 2002, a motion to withdraw as attorney of record and the court denied on January 9, 2003, yet the State Court of Appeal ignored the fact that this appointed ineffective counsel concerning the unconstitutionality of his conviction and 45 ½ year prison sentence, which are significant and meritorious issues.
>
> Ground three: The Supreme Court of Ohio deprived the petitioner a right to due process and equal protection in violation of the State and Federal Constitution, and laws when refusing to adequately address the ineffective Appellant counsel in Advocacy in not challenging Petitioners[sic] and 45 1/2 year sentence.
>
> Supporting FACTS: Petitioner convey to the Supreme Court of Ohio in the filed memorandum in support of jurisdiction of May 27, 2003; that he filed a Pro Se motion seeking a transcript so he could challenge his unconstitutional convictions and sentenced[sic] that his State Appellate Counsel declined to present any assignment of error on[sic] in the State Appellate process. The herein petitioner, also conveyed to the court in a filed March 21st, 2003 a request to argue in a Pro Se Addendum Brief of his unconstitutional convictions and sentenced[sic] on legal merits; however, the petitioner still requested in the aforementioned motion for an[sic] new appoint[sic] effective Appellate Co-Counsel to represent his oral argument in his Pro Se Addendum Brief, yet the court overlooked this fact in this case.
>
> Ground Four: In Ohio State's Courts the petitioner right under the equal protection clause of the U.S. fourteenth Amendment was denied! Where his Constitutional rights to effective assistance of counsel on appeal is concerned.
>
> Supporting FACTS: For no one but this Petitioner took the time out winnowing out weaker arguments on this appeal, whereas he only focus on legal merits that he more likely would prevail on concerning his wrongful conviction and sentenced before this court. The Petitioner could not discover the Appellate counsel was deficient until after he reviewed the filed October 21st, 2002 Appellate Brief to the Sixth District Court of Appeals. there [sic] no doubt in the Petitioners[sic] mind; that the State Courts that reviewed this case on Appellate proceedings know that this case had not been adjudicated in accord with fair due process of law, because petitioner was not given effective assistance of an Appellate Attorney.

Id. On February 22, 2005, Respondent filed an answer/return of writ. ECF Dkt. #9. On March 24, 2005, Petitioner filed a traverse. ECF Dkt. #11.

**E. Magistrate Judge's Report and Recommendation**

On December 23, 2005, the Magistrate issued his R&R recommending this Court to deny the petition. Because the Petitioner's § 2254 Application and Traverse were difficult to discern, the Magistrate construed the grounds to involve the alleged ineffectiveness of appellate counsel and the state courts' alleged error of its denials of his request to remove appellate counsel.

The Magistrate handled the first ground as two separate issues: a) whether the state appellate court erred when it denied Petitioner's motions for new counsel, and b) ineffective assistance of counsel claim (which the Magistrate discussed along with grounds 2 and 4). As to whether the state appellate court erred when it denied Petitioner's motion for new counsel, Petitioner filed his 26(A) motion beyond the ten day filing time and he gave no reason for the delay. The Magistrate found that this claim was procedurally defaulted because Petitioner asserted no cause and prejudice to excuse his late filing. (See R&R page 14-16.)

As to the ineffective assistance of counsel claims (ground 1 in part, grounds 2 and 4), the Magistrate noted that the Petitioner did not raise any "significant" or "meritorious" issues concerning his convictions and sentences on appeal. Conclusory allegations of the ineffectiveness of appellate counsel without any support do not provide a sufficient basis for federal habeas corpus relief. See Dorchy v. Jones, 320 F.Supp.2d 564, 581 (E.D. Mich. 2004). Further, based upon conclusory allegations only, Petitioner is unable to show allegations that the outcome of his trial would have been different had appellate counsel performed in another manner. Moss v. Hofbauer, 286 F.3d 851, 869 (6th Cir. 2002). The Magistrate stated that based on the conclusory allegations, he could find the Petitioner's ineffective assistance of appellate counsel grounds for relief are not reviewable, but he gave the Petitioner the benefit of doubt and conducted a *de novo* review as to the claims he presented to the Ohio Supreme Court. (See R&R

page 19-21.)

Petitioner presented two claims to the Ohio Supreme Court: a) the issue of ineffective assistance of counsel as to his sentences and convictions and b) the issue of recovery of costs from indigent defendants is an unconstitutional burden on a defendant's right to a jury trial. The Magistrate found these two grounds were not procedurally defaulted and continued to do a *de novo* review of the state court's decision. (See R&R pages 19-20.)

As to the ineffective assistance of appellate counsel, the R&R accurately analyzed the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). (See R&R page 21 -26.) In order to prove a claim of ineffective assistance of counsel, petitioner is required to show that : 1) the performance of counsel was seriously flawed and deficient; and 2) the result of petitioner's legal proceeding would have been different had counsel provided proper representation. Strickland at 668. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as producing a just result." Id. at 686.

A claim of unreasonable performance must be evidenced by more than unsupported generalizations. Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984). Rather a petitioner must point to specific acts or omissions that fell outside the wide range of competent assistance. Patel v. United States, 19 F.3d 1231, 1235 (7th Cir. 1994).

Prejudice is demonstrated when there is a reasonable probability that but for counsel's errors, the result would have been different. Strickland, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." United States v. Morrison, 449 U.S. 361,

-9-

364-365 (1981).

Even though Petitioner's ineffective appellate counsel argument was based on state law, the Magistrate thoroughly reviewed the trial record and concluded that appellate counsel did not deficiently perform.  A claim solely based on an error of state law is not generally redressable in federal habeas corpus unless the state court's interpretation or application of its own law resulted in a proceeding that was so fundamentally unfair as to have deprived Petitioner of substantive due process in violation of the United States Constitution.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Norris v. Schotten, 146 F.3d 314 (6th Cir. 1998).  After reviewing the sentencing transcript, the Magistrate found no such unfairness.  (See R&R pages 22-24.)

As to the issue of recovery of costs from indigent defendant is an unconstitutional burden on a defendant's right to a jury trial, the Magistrate points out that although appellate counsel did not appeal this exact issue, she did appeal the trial court's failure to specify the amount of costs and restitution that it had ordered Petitioner to pay.  The appeal resulted in a vacation of the trial court's imposition of restitution.  Therefore, even if Petitioner had shown that appellate counsel had deficiently performed, he would not be able to establish the requisite prejudice under Strickland.  As the Magistrate states, "The imposition of restitution did not impact Petitioner's conviction and [he] was ultimately relieved of any responsibility to pay restitution due to his indigency."  (See R&R page 25.)

Because Petitioner's asserted reason for the ineffective assistance of appellate counsel in his Rule 26(B) is procedurally defaulted and the reasons asserted in his appeal to the Ohio Supreme Court are otherwise without merit, the Magistrate recommends this Court find that Petitioner's ineffective assistance of appellate counsel claims presented in his first, second and

fourth grounds are without merit.

Lastly, as to Petitioner's third ground for relief, the Magistrate construed this claim to be a challenge to the Ohio Supreme Court's denial of Petitioner's leave to appeal, and he recommends that the Court find that Petitioner's third ground for relief is not cognizable in this Court. There is no constitutional right to an appeal to the Ohio Supreme Court. Slaughter v. Brigano, No. 1:01-CV-00868, 2005 WL 2453092 (S.D. Ohio 2005). (See R&R page 26.)

In summary, the Magistrate recommends that the Court find:

1) the first ground for relief is procedurally defaulted with insufficient cause and prejudice or actual innocence shown to otherwise review the ground for relief on its merits.

2) that Petitioner's conclusory and unsupported allegations of the ineffective assistance of appellate counsel in ground 1, in part, and grounds 2 and 4 do not provide sufficient basis for federal habeas corpus relief and his ineffective appellate counsel assertions as presented in the State courts are otherwise without merit.

3) the third ground for relief is not cognizable in this Court.

Accordingly, the Magistrate recommends the Petition for the Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 be dismissed with prejudice.

Petitioner timely filed objections.

## II. Standard

The filing of timely objections requires the Court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See United States v. Walters, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence previously

4

reviewed by the Magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the Court to alleged errors on the part of the Magistrate Judge. Aldrich v. Bock, 327 F.Supp.2d 743, 747. An "objection" that does nothing more than state a disagreement with a magistrate's recommendation, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context. Id. at 747. A party who files objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The Supreme Court upheld this rule in Thomas v. Arn, 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues –factual and legal– that are at the heart of the parties' dispute. Id. at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." Smith v. Detroit Federation of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

A general objection to the magistrate's report has the same effect as a failure to object. Aldrich at 748. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. Id. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical

-12-

tasks. Id. The duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. Howard v. Secretary of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

### III  Objections of Petitioner to the Report and Recommendation

The Petitioner objects to the R&R on several grounds:   First, he objects generally "to each and every allegation. . . ." (See Petitioner's Objections at page 1.)  An "objection" that does nothing more than state a disagreement with a magistrate's recommendation, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.  See Aldrich at 747.

He also argues that he properly exhausted his state remedies and did not commit a procedural default.  (See Petitioner's Objections at page 3, 4.)  As to the exhaustion issue, the Magistrate did not find that Petitioner's claims were exhausted.  The Magistrate dismissed ground 1 due to a  procedural default; ground 1(in part), grounds 2 and 4 could have been dismissed due to procedural defaults, but he conducted a *de novo* review.

Petitioner also argues he preserved the issues of ineffective assistance of appellate counsel; that they were not procedurally defaulted because he raised the issue at the state court of appeals and the Ohio Supreme Court and neither court addressed the merits; (Id. at 2)  He contends he established he was denied effective assistance of appellate counsel.  He argues, as he did previously, that appellate counsel on direct appeal raised only one weak claim that had nothing to do with his convictions or sentences.

As to these objections, Petitioner, again, has not offered any specific objections as to the

-13-

issue of the appellate court's ruling on his motion to appoint new counsel as procedurally defaulted. He asserts no cause and prejudice to excuse his late filing. His general objections do not provide this Court with information to alert the Court to errors in the R&R. See Aldrich at 747.

Petitioner also objects saying, for the first time, that he had no contact with his lawyer while she was preparing and drafting the appellate brief. (Id. at 8). "It is well settled that 'federal courts do not have jurisdiction to consider a claim in a habeas petition that was not fairly presented to the state courts.'" Jacobs v. Mohr, 265 F.3d 407, 415 (6th Cir. 2001)(quoting McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000)). "A claim may only be considered 'fairly presented' if the petitioner asserted both the factual and legal basis for his claim to the state courts." McMeans, 228 F.3d at 681. Therefore, Petitioner is precluded from arguing for the first time in federal habeas petition that he had no contact with his lawyer at the time of the direct appeal.

The Magistrate thoroughly reviewed and addressed Petitioner's claims and found each to be without merit. This Court also reviewed the record and the R&R and Petitioner's objections, and concurs in the Magistrate's analysis of the facts and application of the relevant legal standards. Petitioner has no meritorious federal claims upon which habeas corpus relief may be granted.

### IV. Conclusion

The Court has reviewed the R&R, Petitioner's objections and the relevant portions of the record. The Court hereby adopts the R&R in its entirety. Accordingly, the Petition for a Writ of Habeas Corpus is denied.

The Court certifies that an appeal cannot be taken in good faith because the Petitioner has not made a substantial showing of the denial of a constitutional right. See Fed.R.App.P. 22(b); 28 U.S.C. § 2253(c). The Court also certifies that a motion to proceed *in forma pauperis* on appeal cannot be well taken. See 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

    /s/ John M. Manos
UNITED STATES DISTRICT JUDGE

Issued:   April 7, 2006